# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 09/19/2022 09:09 AM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Tarasyuk Deputy Clerk

Case 2:22-cv-07709-PA-JEM   Document 1-1   Filed 10/21/22   Page 2 of 55   Page ID #:24

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Curtis Kin

1  Lee R. Feldman, Esq., State Bar No. 171628
   Lee@leefeldmanlaw.com
2  FELDMAN BROWNE, APC
   15200 West Sunset Boulevard, Suite 217
3  Pacific Palisades, California 90272
   Telephone Number:  (310) 207-8500
4  Facsimile Number:   (310) 207-8515

5  Carney R. Shegerian, Esq., State Bar No. 150461
   CShegerian@Shegerianlaw.com
6  Anthony Nguyen, Esq., State Bar No. 259154
   ANguyen@Shegerianlaw.com
7  Mark Lim, Esq., State Bar No. 311824
   MLim@Shegerianlaw.com
8  SHEGERIAN & ASSOCIATES, INC.
   11520 San Vicente Boulevard
9  Los Angeles, California 90049
   Telephone Number:  (310) 860-0770
10 Facsimile Number:   (310) 860-0771

11 Attorneys for Plaintiff,
   MICHAEL JOHN VENTRONE

12

13            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14        **FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

15

16 MICHAEL JOHN VENTRONE,            Case No.: 22STCV30445

17            Plaintiff,              **PLAINTIFF MICHAEL JOHN
                                      VENTRONE'S COMPLAINT FOR
18                                    DAMAGES FOR:**

19 vs.                               **(1) DISCRIMINATION ON THE BASIS
                                         OF VETERAN OR MILITARY
20                                       STATUS IN VIOLATION OF FEHA;**

21 AMAZON.COM, INC., AMAZON          **(2) HARASSMENT ON THE BASIS OF
   COM SERVICES, INC., AMAZON            VETERAN OR MILITARY STATUS
22 LAX5, AMAZON LGB6, GOLDEN             IN VIOLATION OF FEHA;**
   STATE FC, LLC, LESLIE JONES,
23 SARAH MARTINEZ, and DOES 1 to    **(3) RETALIATION ON THE BASIS OF
   100, inclusive,                       VETERAN OR MILITARY STATUS
24                                       IN VIOLATION OF FEHA;**

25            Defendants.            **(4) DISCRIMINATION ON THE BASIS
                                         OF DISABILITY IN VIOLATION OF
26                                       FEHA;**

27                                   **(5) HARASSMENT ON THE BASIS OF
                                         DISABILITY IN VIOLATION OF
28                                       FEHA;**

---

**(6) RETALIATION ON THE BASIS OF DISABILITY IN VIOLATION OF FEHA;**

**(7) FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION IN VIOLATION OF FEHA;**

**(8) WHISTLE-BLOWER RETALIATION IN VIOLATION OF LABOR CODE § 1102.5;**

**(9) WRONGFUL TERMINATION OF EMPLOYMENT IN VIOLATION OF PUBLIC POLICY;**

**(10) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**

**DEMAND FOR JURY TRIAL**

PLAINTIFF'S COMPLAINT FOR DAMAGES

# TABLE OF CONTENTS

**Page**

SUMMARY .................................................................................................... 1

PARTIES ...................................................................................................... 1

VENUE ......................................................................................................... 3

FACTS COMMON TO ALL CAUSES OF ACTION ................................ 4

FIRST CAUSE OF ACTION ...................................................................... 14

    (Discrimination on the Basis of Veteran or Military Status (Government Code § 12900, *et seq.*)—Against Defendants Amazon, Amazon Services, Amazon LGB6, Golden State, and Does 1 to 100, Inclusive) .......... 14

SECOND CAUSE OF ACTION .................................................................. 15

    (Hostile Work Environment Harassment on the Basis of Veteran or Military Status (Government Code § 12900, *et seq.*)—Against All Defendants and Does 1 to 100, Inclusive) .......................................................... 15

THIRD CAUSE OF ACTION ...................................................................... 17

    (Retaliation for Engaging in Protected Activity (Government Code § 12900, *et seq.*)—Against Defendants Amazon, Amazon Services, Amazon LGB6, Golden State, and Does 1 to 100, Inclusive) .......................... 17

FOURTH CAUSE OF ACTION ................................................................... 18

    (Discrimination on the Basis of Disability (Government Code § 12900, *et seq.*)—Against Defendants Amazon, Amazon Services, Amazon LGB6, Golden State, and Does 1 to 100, Inclusive) .......................... 18

FIFTH CAUSE OF ACTION ....................................................................... 19

    (Hostile Work Environment Harassment on the Basis of Disability (Government Code § 12900, *et seq.*)—Against All Defendants and Does 1 to 100, Inclusive) .......................................................... 19

SIXTH CAUSE OF ACTION ...................................................................... 20

    (Retaliation for Engaging in Protected Activity (Government Code § 12900, *et seq.*)—Against Defendants Amazon, Amazon Services, Amazon LGB6, Golden State, and Does 1 to 100, Inclusive) .......................... 20

SEVENTH CAUSE OF ACTION ................................................................ 22

    (Failure to Prevent Discrimination, Harassment, and Retaliation (Government Code § 12900, *et seq.*)—Against Defendants Amazon, Amazon Services, Amazon LGB6, Golden State, and Does 1 to 100, Inclusive) .......................... 22

EIGHTH CAUSE OF ACTION                                                    23

    (Whistle-Blower Retaliation (Labor Code § 1102.5, *et seq.*)—Against
    Defendants Amazon, Amazon Services, Amazon LGB6, Golden State, and
    Does 1 to 100, Inclusive)                                             23

NINTH CAUSE OF ACTION                                                     24

    (Wrongful Termination of Employment in Violation of Public Policy
    (*Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167)—Against
    Defendants Amazon, Amazon Services, Amazon LGB6, Golden State,
    and Does 1 to 100, Inclusive)                                         24

TENTH CAUSE OF ACTION                                                     25

    (Intentional Infliction of Emotional Distress (*Hughes v. Pair* (2009) 46
    Cal.4th 1035)—Against All Defendants and Does 1 to 100, Inclusive)    25

PRAYER                                                                    26

# TABLE OF AUTHORITIES

**Page**

## Cases

*Hughes v. Pair* (2009) 46 Cal.4th 1035                                    25

*Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167                    24

## Statutes

Civil Code § 3294                                                      1, 13

Code of Civil Procedure § 474                                              2

Code of Civil Procedure § 1021.5                                      1, 24

Code of Civil Procedure § 1032                                           24

Code of Civil Procedure § 3291                                            1

Government Code §§ 12900-12996                                       passim

Government Code § 72055                                                  26

Labor Code § 1102.5                                                  23, 24

PLAINTIFF'S COMPLAINT FOR DAMAGES

Plaintiff, Michael John Ventrone, alleges, on the basis of personal knowledge and/or information and belief:

## SUMMARY

This is an action by plaintiff, Michael John Ventrone ("plaintiff" or "Ventrone"), against defendants Amazon.com, Inc. ("Amazon"), Amazon Com Services, Inc. ("Amazon Services"), Amazon LAX5 ("Amazon LAX5"), Amazon LGB6 ("Amazon LGB6"), and Golden State FC, LLC ("Golden State").  Plaintiff Ventrone—a disabled veteran who was enlisted in the United States military for more than 25 years—sought and obtained employment with defendants after the conclusion of his military career and as a United States veteran.  Defendants, after originally providing Ventrone with employment, illegally discharged him and refused to rehire him in any position.  Ventrone's military service, veteran status, and disabilities and complaints about harassment and discrimination were substantial motivating reasons for all of the adverse employment actions.  Plaintiff brings this action against all defendants for economic, non-economic, compensatory, and punitive damages pursuant to Civil Code section 3294, pre-judgment interest pursuant to Code of Civil Procedure section 3291, and costs and reasonable attorneys' fees pursuant to Government Code section 12965(b) and Code of Civil Procedure section 1021.5.

## PARTIES

1.  *Plaintiff:*  Plaintiff Ventrone is, and at all times mentioned in this Complaint was, a resident of the State of California.

2.  *Defendants:*  Defendants Amazon, Amazon Services, Amazon LAX5, Amazon LGB6, and Golden State are, and at all times mentioned in this Complaint were, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of Los Angeles.  Defendants' places of business, where the following causes of action took place, were and are in the

County of Los Angeles, at 6400 Valley View Street, Buena Park, California 90602, and in the County of Riverside, at 20901 Krameria Avenue, Riverside, California 92508.[1] Defendant Leslie Jones ("defendant" or "Jones") is, and at all times mentioned in this Complaint was, a supervisor with defendants. Defendant Jones is, and at all times mentioned in this Complaint was, a resident of the State of California. Defendant Sarah Martinez ("defendant" or "Martinez") is, and at all times mentioned in this Complaint was, a supervisor with defendants. Defendant Martinez is, and at all times mentioned in this Complaint was, a resident of the State of California.

3.   *Doe defendants:*  Defendants Does 1 to 100, inclusive, are sued under fictitious names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in taking the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee, with the permission and consent of the co-defendants. The named defendants and Doe defendants are sometimes hereafter referred to, collectively and/or individually, as "defendants."

4.   *Relationship of defendants:*  All defendants compelled, coerced, aided, and/or abetted the discrimination, retaliation, and harassment alleged in this Complaint, which conduct is prohibited under California Government Code section 12940(i). All defendants were responsible for the events and damages alleged herein, including on the following bases: (a) defendants committed the acts alleged; (b) at all relevant times, one or more of the defendants was the agent or employee, and/or acted under the control or supervision, of one or more of the remaining defendants and, in committing the acts alleged, acted within the course and scope of such agency and employment and/or is or

---

[1]   Notably, plaintiff Michael Ventrone also applied for jobs with defendants in the County of San Diego after experiencing months of harassment and retaliation but said applications appear to have never been processed and plaintiff Ventrone was never offered employment at said locations.

are otherwise liable for plaintiff's damages; (c) at all relevant times, there existed a unity of ownership and interest between or among two or more of the defendants such that any individuality and separateness between or among those defendants has ceased, and defendants are the alter egos of one another. Defendants exercised domination and control over one another to such an extent that any individuality or separateness of defendants does not, and at all times herein mentioned did not, exist. Adherence to the fiction of the separate existence of defendants would permit abuse of the corporate privilege and would sanction fraud and promote injustice. All actions of all defendants were taken by employees, supervisors, executives, officers, and directors during employment with all defendants, were taken on behalf of all defendants, and were engaged in, authorized, ratified, and approved of by all other defendants.

5. Defendants Amazon, Amazon Services, Amazon LAX5, Amazon LGB6, and Golden State both directly and indirectly employed plaintiff Ventrone, as defined in the Fair Employment and Housing Act ("FEHA") at Government Code section 12926(d).

6. In addition, defendants Amazon, Amazon Services, Amazon LAX5, Amazon LGB6, and Golden State compelled, coerced, aided, and abetted the discrimination, which is prohibited under California Government Code section 12940(i).

7. Finally, at all relevant times mentioned herein, all defendants acted as agents of all other defendants in committing the acts alleged herein.

### VENUE

8. All actions at issue in this case occurred in the State of California, in both the County of Los Angeles and the County of Riverside. Under the California Fair Employment and Housing Act, this case can alternatively, at plaintiff's choice, be filed in one of four locations, including "in the county in which the aggrieved person would have worked . . . but for the alleged unlawful practice . . ." Cal. Gov. Cd. § 12965(b) (emphasis added).

9. In the present action, plaintiff Michael Ventrone would have worked in the

PLAINTIFF'S COMPLAINT FOR DAMAGES

County of Los Angeles but for the unlawful discrimination described in detail below. Specifically, Ventrone would have worked at 6400 Valley View Street, Buena Park, California 90602, in the position of operations manager, but for the retaliatory and discriminatory refusal of employment to him there on or about September 10, 2022.

## FACTS COMMON TO ALL CAUSES OF ACTION

10. *Plaintiff's hiring:*   Michael John Ventrone began working for Amazon on January 11, 2021, as an L6 operations manager.  General manager defendant Jones hired him.

11. *Plaintiff's job performance:*   Ventrone was subject to monthly performance reviews and received good scores and no write-ups.

12. *Plaintiff's protected status and activity:*

   a.  Plaintiff is a veteran of the United States Marine Corps.

   b.  Plaintiff suffers from a disability, post-traumatic stress disorder (PTSD), which affects his day-to-day activities because he can be triggered by the way people treat him, as well as by smells and sounds.

   c.  During his employment with defendants, plaintiff raised concerns about work place safety.

13. *Defendants' adverse employment actions and behavior:*

   a.  Ventrone served in the U.S. Marine Corps for 26 years, from 1993 to June 1, 2019.  He is a retired Marine Corps officer who is on the retired inactive ready reserve (IRR) list; that means that he can be recalled if needed.  During his time in the Marines, Ventrone was known as "Gunner."  A gunner in the Marines specializes in weapons tactics.  There are only 20 who are alive and on active duty.  Ventrone was the runner-up for a leadership award in 2009 and was a celebrity in the military.  When he began to work at Amazon, other employees who were also veterans recognized him and would call him "Gunner" at work.

///

b.  In 2006, Ventrone was diagnosed with post-traumatic stress disorder (PTSD), which affects his day-to-day activities because he can be triggered by the way people treat him.  He is also triggered by smells and sounds.  In 2017 and 2018, Ventrone sustained a traumatic brain injury in war, and it affects his day-to-day activities because it affects his ability to process information and communication.  Ventrone has to take a lot of notes, and it takes him a while to read things ahead of time.  He also has physical limitations, which include chronic headaches, migraines, chronic pain (diagnosed in 2018), and insomnia.  On his employment application, Ventrone disclosed that he was a veteran with disabilities.  He never called off work because of his disabilities.

c.  Ventrone had to go to weekly doctors' appointments at the VA for pain therapy on Mondays and shots in his head on Wednesdays, but he was always responsible.  If he knew that he had an appointment that was going to interfere with his work, he notified his direct supervisor, Nythia Rodriguez ("Rodriguez"), ahead of time.  Overall, Ventrone believed that Rodriguez was supportive and sympathetic.

d.  On March 4, 2021, defendant Jones told Ventrone, "You're a veteran.  Veterans don't make it there."  Ventrone replied, "Oh."  He learned that he was replacing a veteran who had lasted only a few months at Amazon.

e.  L4 area manager Abraham Gonzales, who reported to Ventrone, was the only one on Ventrone's managers team who had not been in the military.  In the beginning of April, 2021, the managers came to Ventrone and told him that they had created a fake promotion to make Gonzales feel better and as if he were part of the team.  He was feeling left out, as the others all had a bond because of their military background.  The next day, Rodriguez came into the conference room and asked, "What is this?"  Ventrone asked her, "What is it?  I can't see it."  Rodriguez almost threw it at him.  It was the fake promotion paper that they gave Gonzales.  Ventrone said, "Yeah, we helped Abraham.  We did a promotion to make him feel better."  Rodriguez said, "We're not in the military here."  Ventrone asked, "Are you serious?"  Rodriguez told him, "Mike, you're too militaristic."  Ventrone responded, "You're telling me I can't be what I am

because of my culture?  As a woman, you can't be a leader because you're a woman.  I don't believe that, but that's what you said to me, to stop being who you are." Rodriguez took a step back.  Ventrone had thought that she was an advocate.  When he explained it to her, she saw that he was not rude, but just direct.

f.   Ventrone began to have issues with Gonzales.  He did not have the leadership skills to be an area manager.  Gonzales carried himself like the richest person in the world; he had a hard time relating to the associates who were of different races and had different upbringings.  Ventrone wanted to help him improve his leadership, so, in May of 2021, he put Gonzales on a performance improvement plan (PIP).  His performance was in the lowest 3% of all of Amazon in safety and communication.  Gonzales seemed to understand at first when Ventrone told him about his PIP.  Ventrone followed up with him to help him improve, and he did improve while he was under Ventrone's guidance. Once he was out of Ventrone's guidance, he did not do very well.  Amazon wanted to offer Gonzales a severance package.  Ventrone advised Gonzales that instead of taking the severance he should move to a different department and that he knew he would be good in other areas.  Ventrone told him this because, if Gonzales took the severance, he would not be rehirable.  Gonzales did start to look for other opportunities in other departments.  In June and July of 2021, Ventrone began to hear from manager Daniel Davis and other managers that Gonzales was saying, "Mike is too direct.   He's firm." Gonzales was jealous of the bond Ventrone had with all of the other managers because he was the only one who did not have a military background.  During that same time, Ventrone found out that Gonzales was going against what he was saying and not following his orders.  Rodriguez told Ventrone, "Hey, this is what Abraham is telling them [employees]."  Ventrone told Rodriguez to talk to the other managers, who could tell her that he was saying the opposite of what he supposedly was saying.

g.   In August of 2021, L7 supervisor Paul Boughen approached Ventrone and told him, "Hey, man, they don't understand veterans here.  I just hide it; I don't tell people.  Sometimes during interviews, they say things, and I know they are lying."

Boughen was trying to say that defendants are not supportive of veterans.  Ventrone told him, "These people have you beat down.  You should be an advocate because they have to know you're our senior guy."

///

h.   In August of 2021, a couple of Ventrone's friends who were also veterans killed themselves, and Ventrone was going through a rough time.  Rodriguez asked him how he was doing.  She knew that this was a hard time for him because there were others with military backgrounds who were going through the same thing.  Ventrone told her that he had dealt with his PTSD and spoke to her about his disabilities.  Rodriguez said, "I am sorry."  Ventrone thought that she did not know what to say.  He believed that she was sympathetic to and supportive of his situation.  He felt as if he were treated differently because he was a veteran, not specifically because of his disabilities.

i.   In February of 2021, a conveyor belt that pushes merchandise was missing a part called a little jimmy.  This can be a safety concern because, without it, if an employee leans across, his vest can get stuck, he can get sucked in, and that can cause a severe injury.  Ventrone has a background in OSHA safety, and he knew more about safety than anyone else there.  He told Rodriguez about the conveyor belt problem, and she said, "I'll look into it."  Ventrone followed up with her in March of 2021, and she said that she was still looking into it.  In April or May of 2021, Ventrone told L4 safety specialist Kyrone Horn about the problem, and they created a report of it.  Horn agreed with Ventrone.

j.   Ventrone believed that there was a reason defendants did not fix the conveyor belt problem.  He continued to bring it up with the managers' board (people who work on the dock) every week.  Ventrone always wrote on line 10 or 11, *"conveyor belt dangerous."*  He brought it up once a week, during meetings, when Rodriguez asked if there was anything anyone wanted to bring up.  Ventrone would say, *"The conveyor belt is dangerous."*  Rodriguez would respond, "Noted."  In August and September of 2021, Rodriguez told Ventrone that defendant Jones said, *"It's too expensive to fix."*  Ventrone

told her, *"If you kill someone or hurt someone, it's going to be worse."* He continued to bring up the issue, but it was never addressed.

k. In February of 2021, Ventrone observed that defendants' human resources department was not manning its desk when it was supposed to. Ventrone worked the night shift, and he noticed that HR was not present during the shift. He believed that this was a safety concern because, when night employees needed to take time off, HR needed to take care of it. It created a distraction for him, and he had to take care of these things.

l. In March of 2021, Ventrone began to raise safety concerns. He told his manager that it was a safety concern that HR was not present for the night shift. Rodriguez said, "We are going to look into it and bring it up." HR representative defendant Martinez followed up with Ventrone about this. It was supposed to be a one-hour meeting, but Ventrone cut it short. Martinez said, "We're not having HR people work nights." Ventrone tried to ask for one or two days during the week, but Martinez said, "No, the night team has never needed it before." Ventrone said, "It's Amazon policy." Martinez did not want to find a solution to the problem, so Ventrone decided to cut the meeting short. He continued to bring up the issue once or twice a month with his boss, Rodriguez, and with defendant Jones. He kept bringing it up until his employment was terminated. He was always told, "We are going to look into it." Ventrone knew that it was company policy to have an HR representative present during the night shift.

m. In April or May of 2021, an industrial truck (a pitt) hit something, and the driver (Ventrone did not recall who the employee was) stayed there until Ventrone was called over. He asked the driver if he were all right. Ventrone and senior safety representative Donna Roman tried to identify the issue that had caused the incident. They wanted to investigate to see if it were something other than the employee's fault. Ventrone found that it was an issue with the training. Before making a safety complaint, he decided to take it up with the manager in charge of this associate, L6 safety representative Jim King. Ventrone told King, "I saw deficiencies with your staff." Kim responded, "I'll look into it. We don't have time for that." Ventrone saw that King was

not going to do anything about it, so he decided to file a complaint with the HR department, stating that he had identified an issue with training. He told HR that the training needed to be improved. HR decided to provide training to help with the issue. After Ventrone submitted his complaint about training, King would not communicate with him except through his subordinates. King quickly got frustrated with Ventrone.

n. In July of 2021, during prime week, Ventrone began to experience issues with HR, specifically Veronica Ramirez. HR asked what everyone wanted for prime week on the manager board. Ventrone wrote, *"I want HR to stay nighttime."* He told the HR department that he wrote that, and they laughed about it; however, Ramirez did not think it was funny. She got upset and erased it from the board. After she did that, everyone started to put it up there. During that same month, Ramirez's shift overlapped with Ventrone's. She would walk around the site, enforcing rules that Ventrone believed were not right. Ventrone allowed employees to bring their water onto the floor. Ramirez began to enforce a rule against it. She told the employees that they were not allowed food or drinks in the work area.

o. July was a busy month for Ventrone, and he had the authority to pull others from different departments for the outbound department to ensure that customers got their packages on time. Ventrone would pull employees from every department; he would pull from the HR department last when necessary. Ramirez did not like this and always refused to help Ventrone. She would say, "I can't help you." Ventrone told her, "Hey, I need help. I am pulling managers from Pat before I went around and asked HR. I asked everyone else to come help." Ventrone told Rodriguez that Ramirez did not want to help him, and she did not like it. Rodriguez, who knew that Ventrone had the right to pull employees from different departments, told him that she would talk to Ramirez about it.

p. In November and December of 2021, Ramirez's department's associates were passing out candy on the floor, against policy. Ventrone had to get an L8 supervisor involved, but the supervisor sided with Ramirez. Ventrone believes that this was

because he was asking to have HR work the night shift.

q.   At the end of November or December, 2021, Ventrone learned that HR was supposed to have someone at the desk 30 minutes before the shift started and 30 minutes after the shift ended.   HR was not there at night, and that violated company policy. Ventrone brought this up with Rodriguez and showed her the policy.   Rodriguez said, "These policies are not signed."   Ventrone said, "They don't need to be signed.   They are in the primary policy folders that everyone uses."   Rodriguez just looked at him and started talking about something different.   Ventrone believes that his safety complaints had something to do with the termination of his employment.

r.   In November of 2021, HR said that everyone on the shift was going to leave two hours early.   Ventrone had a problem with this because of the number of packages they had.   He told the HR department and Ramirez, "I need you to stop telling them about leaving early."   Ramirez asked, "Who are you?"   Ventrone said, "I am in charge.   I am the site lead."   Ramirez told him, "We don't take our orders from you."   Ventrone asked Ramirez to tell the employees not to leave.   After the meeting, he walked to the HR department and said, "Hey, it's hard to tell, but I am not upset; it has nothing to do with you guys."

s.   In December of 2021, an inbound associate (unknown name) had the same schedule as Ventrone's department.   Everyone has the same break and lunch schedule. Of all of the associates, he was the only one who was taking different breaks.   Ventrone told him this.   This associate brought up the California law, but Ventrone had already identified the laws.   Ventrone thought the associate was a know-it-all.   He continued to try to go to lunch, claiming that it was the law.   Ventrone thought he had the attitude of someone wanting to fight.   He told the associate, "I have been here in management a year now, and I have been in the military for 26 years.   This is how it is.   If you want to go to HR, I can walk you to HR."   The employee decided to go up to the station instead. It seemed as if he were backing off.   Ventrone found out that HR was telling him the wrong time, and that was causing confusion.

t.   On December 16, 2021, when Ventrone restarted his computer, he saw a note on his slack chat that Joshua Abramson, L6 loss prevention, whom Ventrone had never met before, said he needed to talk to him.  Ventrone agreed to talk to him after he got set up, as he had just started his day.  At 8:00 p.m., Ventrone called Abramson, who identified himself as a loss prevention representative and said, "On December 6, 2021, someone filed a complaint to [sic] HR against you.  Were you rude to an associate via messenger app?"  Ventrone knew what he was talking about.  He asked, "This is HR, isn't it?"  Abramson told him, "I can't say."  Ventrone said, "I know it is."  Abramson also brought up the incident with the associate in inbound.  Ventrone told him, "He was squaring off with me."  Abramson asked, "How do you know?"  Ventrone responded, "Before I was in the Marine Corps, I can tell when someone is squaring off with me."  Abramson asked, "Did you say that to intimidate him?  You were telling him you were in the Marines for 26 years."  Ventrone said, "No, I just told him about my previous job.  Do you not tell people about your past jobs?"  Ventrone believed that the incident had to do with his veteran status.  Abramson asked, "Do you consider yourself intimidating?"  Ventrone replied, "The girl [sic] who took the picture of me there [at Amazon for ID purposes], she said she wouldn't have talk to me because she thought I was in a biker gang.  I work out.  I am 200-some pounds.  People think I am intimidating."  Abramson said that he was going to continue investigating this.  Ventrone called Rodriguez to tell her that Abramson had called him and that he thought it was discrimination.  He said, "This is retaliation because I've identified that they're not doing their job, and they are making a joke about it.  I'll be looking to submit my complaint outside of L6."  Rodriguez responded, "Thanks for the communication."

u.   On December 22, 2021, during Amazon's peak season, HR was working the night shift.  Ventrone noticed the difference and saw that it was working.  He asked Rodriguez, "Why can't we keep doing this in January and February?"  Rodriguez agreed with Ventrone, but she did not do anything.  Ventrone's employment was terminated the next day.

PLAINTIFF'S COMPLAINT FOR DAMAGES

14.  *Defendants' termination of plaintiff's employment:*

a.  On December 22, 2021, when Ventrone got to work, Rodriguez told him that she needed him to open the warehouse because it was New Year's Eve.  Ventrone agreed, and Rodriguez told him, "Tomorrow I will teach you how to do it."

b.  On December 23, 2021, Rodriguez advised Ventrone that the investigation results had come back and asked if he wanted to talk about them.  Ventrone said, "No I want to learn from it.  I want to come in."  He walked into the conference room, sat down, and sent Rodriguez a message to tell her that he was there.  Before he met with them, Ventrone could see that Rodriguez was talking to defendant Martinez in what seemed like a heated conversation.  Martinez then walked into the room and told Ventrone to put down his laptop.  Martinez and Rodriguez sat in front of him, not making eye contact.  Rodriguez, reading from a paper, said that the investigation had found that Ventrone had "an aggressive posture and aggressive communication" and that his employment was terminated, effective immediately.  Ventrone asked if he could have a copy of the paper Rodriguez was reading from, but she refused.  Martinez told Ventrone to turn in his computer.  Ventrone thanked them for the opportunity to work at Amazon, but added that he believed this was discrimination.  Martinez responded, "You were rude on slack."

c.  After Ventrone's employment was terminated, he sent an e-mail to Amazon's ethics department, stating that he wanted to file a complaint.  He never received a response.  On December 23, 2021, Abramson sent Ventrone an e-mail stating that he was fired because he had "violated Amazon policy or standards of conduct."

15.  *Defendants' failure to hire plaintiff:*

a.  Following months of debilitating emotional distress resulting from the discriminatory and retaliatory wrongful termination of his employment, plaintiff Ventrone re-applied for employment with defendants, seeking to regain his position under what he hoped would be unbiased managers.  Specifically, in September of 2022, Ventrone applied for positions at other facilities that defendants owned and operated.

b. Shortly thereafter, defendants refused Ventrone employment for discriminatory and retaliatory reasons, specifically because of his veteran status, military history, and disabilities.

16. *Non-economic damages:* As a result of his termination and the failure to hire him, plaintiff Ventrone has suffered extreme emotional distress, insomnia and weight loss and depression.

17. *Economic damages:* As a consequence of defendants' conduct, plaintiff has suffered and will suffer harm, including lost past and future income and employment benefits, damage to his career, and lost wages, overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

18. *Non-economic damages:* As a consequence of defendants' conduct, plaintiff has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial.

19. *Punitive damages:* Defendants' conduct constitutes oppression, fraud, and/or malice under California Civil Code section 3294 and, thus, entitles plaintiff to an award of exemplary and/or punitive damages.

a. *Malice:* Defendants' conduct was committed with malice within the meaning of California Civil Code section 3294, including that (a) defendants acted with intent to cause injury to plaintiff and/or acted with reckless disregard for plaintiff's injury, including by terminating plaintiff's employment and/or taking other adverse job actions against plaintiff because of his veteran or military status, disability, and/or good faith complaints, and/or (b) defendants' conduct was despicable and committed in willful and conscious disregard of plaintiff's rights, health, and safety, including plaintiff's right to be free of discrimination, harassment, retaliation, and wrongful employment termination.

b. *Oppression:* In addition, and/or alternatively, defendants' conduct was committed with oppression within the meaning of California Civil Code section 3294, including that defendants' actions against plaintiff because of his veteran or military

status, disability, and/or good faith complaints were "despicable" and subjected plaintiff to cruel and unjust hardship, in knowing disregard of plaintiff's rights to a work place free of discrimination, harassment, retaliation, and wrongful employment termination.

c. *Fraud:* In addition, and/or alternatively, defendants' conduct, as alleged, was fraudulent within the meaning of California Civil Code section 3294, including that defendants asserted false (pretextual) grounds for terminating plaintiff's employment and/or other adverse job actions, thereby to harm plaintiff and deprive him of legal rights.

20. *Attorneys' fees:* Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

21. *Exhaustion of administrative remedies:* Prior to filing this action, plaintiff exhausted his administrative remedies by filing a timely administrative complaint with the California Department of Civil Rights ("CDCR") and receiving a right-to-sue letter, true and correct copies which are attached as **Exhibit 1** hereto.

## FIRST CAUSE OF ACTION
### (Discrimination on the Basis of Veteran or Military Status (Government Code § 12900, *et seq.*)—Against Defendants Amazon, Amazon Services, Amazon LAX5, Amazon LGB6, Golden State, and Does 1 to 100, Inclusive)

22. The allegations set forth in the preceding paragraphs are re-alleged and incorporated herein by reference.

23. At all times herein mentioned, FEHA, Government Code section 12940(a), *et seq.,* was in full force and effect and was binding on defendants. This statute requires defendants to refrain from discriminating against any employee because of the employee's veteran or military status.

24. Plaintiff's veteran or military status and/or other characteristics protected by FEHA, Government Code section 12900, *et seq.,* were motivating factors in defendants'

decision to terminate plaintiff's employment, not to retain, hire, or otherwise employ plaintiff in any position, to harass plaintiff, and/or to take other adverse job actions against plaintiff, including refusing to rehire plaintiff in September of 2022 for discriminatory and retaliatory reasons, specifically because of his veteran status, military history, and disabilities.

25.   As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

26.   As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

27.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

28.   Defendants' discrimination was committed intentionally, in a malicious, fraudulent, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

## SECOND CAUSE OF ACTION

**(Hostile Work Environment Harassment on the Basis of Veteran or Military Status (Government Code § 12900, *et seq.*)— Against Defendants Amazon, Amazon Services, Amazon LGB6, Golden State, Jones, Martinez and Does 1 to 100, Inclusive)**

29.   The allegations set forth in the preceding paragraphs are re-alleged and incorporated herein by reference.

30.   At all times herein mentioned, FEHA, Government Code section 12940(j)(1),

*et seq.,* was in full force and effect and was binding on defendants. This statute requires defendants to refrain from harassing any employee because of that employee's veteran or military status or other protected characteristics.

31. Plaintiff was subjected to harassing conduct through a hostile work environment, in whole or in part on the bases of plaintiff's veteran or military status or other protected characteristics, in violation of Government Code sections 12940(j) and 12923. This included defendants' refusal to rehire plaintiff in September of 2022 for discriminatory and retaliatory reasons, specifically because of his veteran status, military history, and disabilities.

32. Pursuant to Government Code section 12923(b), a single incident of harassing conduct is sufficient to create a hostile work environment if the harassing conduct has unreasonably interfered with plaintiff's work performance or created an intimidating, hostile, or offensive working environment.

33. As a proximate result of defendants' willful, knowing, and intentional harassment of plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

34. As a proximate result of defendants' willful, knowing, and intentional harassment of plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

35. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

36. Defendants' harassment was committed intentionally, in a malicious, fraudulent, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

///

///

### THIRD CAUSE OF ACTION

### (Retaliation for Engaging in Protected Activity

### (Government Code § 12900, *et seq.*)—Against

### Defendants Amazon, Amazon Services, Amazon LAX5,

### Amazon LGB6, Golden State and Does 1 to 100, Inclusive)

37.   The allegations set forth in the preceding paragraphs are re-alleged and incorporated herein by reference.

38.   At all times herein mentioned, FEHA, Government Code section 12940(h), *et seq.,* was in full force and effect and was binding on defendants.  This statute requires defendants to refrain from retaliating against any employee for making complaints of or opposing discrimination, harassment, or retaliation or otherwise engaging in activity protected by FEHA, including for seeking to exercise rights guaranteed under FEHA and/or for assisting or participating in an investigation, opposing defendants' failure to provide rights, including the right to assist or participate in an investigation, or opposing defendants' failure to provide rights, including the right to complain and the right to assist in a lawsuit, and the right to be free of retaliation, in violation of Government Code section 12940(h).

39.   Plaintiff's seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to provide such rights, including the right to be free of discrimination, harassment, and retaliation in violation of Government Code section 12940(h), were substantial motivating reasons for defendants' decision to terminate plaintiff's employment, not to retain, hire, or otherwise employ plaintiff in any position, and/or to take other adverse employment actions against plaintiff, including refusing to rehire plaintiff in September of 2022 for discriminatory and retaliatory reasons, specifically because of his veteran status, military history, and disabilities.

40.   As a proximate result of defendants' willful, knowing, and intentional retaliation against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

41. As a proximate result of defendants' willful, knowing, and intentional retaliation against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

42. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

43. Defendants' retaliation was committed intentionally, in a malicious, fraudulent, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

## FOURTH CAUSE OF ACTION

### (Discrimination on the Basis of Disability
### (Government Code § 12900, *et seq.*)—Against
### Defendants Amazon, Amazon Services, Amazon LAX5,
### Amazon LGB6, Golden State and Does 1 to 100, Inclusive)

44. The allegations set forth in the preceding paragraphs are re-alleged and incorporated herein by reference.

45. At all times herein mentioned, FEHA, Government Code section 12940, *et seq.,* was in full force and effect and was binding on defendants. This statute requires defendants to refrain from discriminating against any employee because the employee has an actual, perceived, and/or history of disability.

46. Plaintiff's disability and/or other characteristics protected by FEHA, Government Code section 12900, *et seq.,* were motivating factors in defendants' decision to terminate plaintiff's employment, not to retain, hire, or otherwise employ plaintiff in any position, to harass plaintiff, and/or to take other adverse job actions against plaintiff, including refusing to rehire plaintiff in September of 2022 for discriminatory and retaliatory reasons, specifically because of his veteran status, military history, and disabilities.

47.   As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

48.   As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

49.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

50.   Defendants' discrimination was committed intentionally, in a malicious, fraudulent, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

### FIFTH CAUSE OF ACTION
**(Hostile Work Environment Harassment on the Basis**
**of Disability (Government Code § 12900, *et seq.*)—**
**Against Against Defendants Amazon, Amazon Services,**
**Amazon LGB6, Golden State, Jones, Martinez and Does 1**
**to 100, Inclusive)**

51.   The allegations set forth in the preceding paragraphs are re-alleged and incorporated herein by reference.

52.   At all times herein mentioned, FEHA, Government Code section 12940, *et seq.,* was in full force and effect and was binding on defendants.  This statute requires defendants to refrain from harassing any employee because of that employee's  military status, veterans status and/or disability and/or other protected characteristics.

53.   Plaintiff was subjected to harassing conduct through a hostile work environment, in whole or in part on the bases of plaintiff's disability or other protected charac-

teristics, in violation of Government Code sections 12940(j) and 12923. This includes defendants' refusal to rehire plaintiff in September of 2022 for discriminatory and retaliatory reasons, specifically because of his veteran status, military history, and disabilities.

54. Pursuant to Government Code section 12923(b), a single incident of harassing conduct is sufficient to create a hostile work environment if the harassing conduct has unreasonably interfered with plaintiff's work performance or created an intimidating, hostile, or offensive working environment.

55. As a proximate result of defendants' willful, knowing, and intentional harassment of plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

56. As a proximate result of defendants' willful, knowing, and intentional harassment of plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

57. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

58. Defendants' harassment was committed intentionally, in a malicious, fraudulent, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

**SIXTH CAUSE OF ACTION**

**(Retaliation for Engaging in Protected Activity**

**(Government Code § 12900, *et seq.*)—Against**

**Defendants Amazon, Amazon Services, Amazon LAX5,**

**Amazon LGB6, Golden State, and Does 1 to 100, Inclusive)**

59. The allegations set forth in the preceding paragraphs are re-alleged and incorpo-

rated herein by reference.

60.   At all times herein mentioned, FEHA, Government Code section 12940, *et seq.*, was in full force and effect and was binding on defendants.  This statute requires defendants to refrain from retaliating against any employee for making complaints of or opposing discrimination, harassment, or retaliation or otherwise engaging in activity protected by FEHA, including for seeking to exercise rights guaranteed under FEHA and/or for assisting or participating in an investigation, opposing defendants' failure to provide rights, including the right to assist or participate in an investigation, or opposing defendants' failure to provide rights, including the right to complain and the right to assist in a lawsuit, and the right to be free of retaliation, in violation of Government Code section 12940(h).

61.   Plaintiff's seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to provide such rights, including the right to be free of discrimination, harassment, and retaliation in violation of Government Code section 12940(h), were substantial motivating reasons for defendants' decision to terminate plaintiff's employment, not to retain, hire, or otherwise employ plaintiff in any position, and/or to take other adverse employment actions against plaintiff, including refusing to rehire plaintiff in September of 2022 for discriminatory and retaliatory reasons, specifically because of his veteran status, military history, and disabilities.

62.   As a proximate result of defendants' willful, knowing, and intentional retaliation against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

63.   As a proximate result of defendants' willful, knowing, and intentional retaliation against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

64.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reason-

able attorneys' fees and costs (including expert costs) in an amount according to proof.

65.   Defendants' retaliation was committed intentionally, in a malicious, fraudulent, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

## SEVENTH CAUSE OF ACTION

**(Failure to Prevent Discrimination, Harassment, and Retaliation (Government Code § 12900, *et seq.*)—Against Defendants Amazon, Amazon Services, Amazon LAX5, Amazon LGB6, Golden State, and Does 1 to 100, Inclusive)**

66.   The allegations set forth in the preceding paragraphs are re-alleged and incorporated herein by reference.

67.   At all times herein mentioned, FEHA, Government Code section 12940(k), was in full force and effect and was binding on defendants.  This statute states that it is an unlawful employment practice in California for an employer "to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

68.   During the course of plaintiff's employment, defendants failed to prevent their employees from engaging in intentional actions that resulted in plaintiff's being treated less favorably because of his veteran or military status, disability, and/or other protected status and/or because plaintiff engaged in protected activity.

69.   Plaintiff believes that he was subjected to discrimination, harassment, and retaliation because of his veteran or military status, disability, and/or other protected status and/or activity.  This included defendants' refusal to rehire plaintiff in September of 2022 for discriminatory and retaliatory reasons, specifically because of his veteran status, military history, and disabilities.

70.   As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

71.   As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

72.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

73.   Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

### EIGHTH CAUSE OF ACTION

### (Whistle-Blower Retaliation (Labor Code § 1102.5,

### *et seq.*)—Against Defendants Amazon, Amazon Services,

### Amazon lAX5, Amazon LGB6, Golden State, and Does 1 to

### 100, Inclusive)

74.   The allegations set forth in the preceding paragraphs are re-alleged and incorporated herein by reference.

75.   At all relevant times, Labor Code section 1102.5 was in effect and was binding on defendants.  This statute prohibits defendants from retaliating against any employee, including plaintiff, for actually raising complaints of potential illegality, for providing information about such potential illegality, because the employee is believed to have engaged in such conduct, or because the employee may engage in such conduct.  The statute further prohibits defendants from retaliating against any employee, including plaintiff, because the employee refused to participate in activity that would result in a violation of the law.

76.   Plaintiff raised complaints of actual and/or potential illegality, including complaints about violations of FEHA, Government Code section 12900, *et seq.,* and/or the California Constitution, while he worked for defendants, and defendants retaliated

against him by taking adverse employment actions, including employment termination and refusal to rehire, against him.

77.   As a proximate result of defendants' willful, knowing, and intentional violations of Labor Code section 1102.5, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

78.   As a result of defendants' adverse employment actions against plaintiff, plaintiff has suffered general and special damages in sums according to proof.

79.   Defendants' misconduct was committed intentionally, in a malicious, fraudulent, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

**NINTH CAUSE OF ACTION**

**(Wrongful Termination of Employment in**

**Violation of Public Policy (*Tameny v. Atlantic Richfield Co.***

**(1980) 27 Cal.3d 167)—Against Defendants Amazon,**

**Amazon Services, Amazon LGB6, Golden State,**

**and Does 1 to 100, Inclusive)**

80.   The allegations set forth in the preceding paragraphs are re-alleged and incorporated herein by reference.

81.   Defendants terminated plaintiff's employment in violation of various fundamental public policies underlying both state and federal laws.  Specifically, plaintiff's employment was terminated in part because of his protected status (*i.e.,* veteran or military status, disability, and/or protected activity).  These actions were in violation of FEHA, the California Constitution, and California Labor Code section 1102.5.

82.   As a proximate result of defendants' wrongful termination of plaintiff's employment in violation of fundamental public policies, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to

his damage in a sum according to proof.

83.   As a result of defendants' wrongful termination of his employment, plaintiff has suffered general and special damages in sums according to proof.

84.   Defendants' wrongful termination of plaintiff's employment was done intentionally, in a malicious, fraudulent, and/or oppressive manner, and this entitles plaintiff to punitive damages.

85.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Code of Civil Procedure sections 1021.5 and 1032, *et seq.,* plaintiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof.

## TENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress
### (*Hughes v. Pair* (2009) 46 Cal.4th 1035)—Against
### All Defendants and Does 1 to 100, Inclusive)

86.   The allegations set forth in the preceding paragraphs are re-alleged and incorporated herein by reference.

87.   Defendants' discriminatory, harassing, and retaliatory actions against plaintiff constituted severe and outrageous misconduct and caused plaintiff extreme emotional distress.   Defendants were aware that treating plaintiff in the manner alleged above, including depriving plaintiff of his livelihood while he was suffering from an actual, perceived, and/or history of disability, would devastate plaintiff and cause him extreme hardship.

88.   As a proximate result of defendants' extreme and outrageous conduct, plaintiff has suffered and continues to suffer severe emotional distress.   Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

89.   As a proximate result of defendants' extreme and outrageous conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and

physical pain and anguish, all to his damage in a sum according to proof.

90.   Defendants' misconduct was committed intentionally, in a malicious, fraudulent, and/or oppressive manner, and this entitles plaintiff to punitive damages.

## PRAYER

WHEREFORE, plaintiff, Michael John Ventrone, prays for judgment against defendants as follows:

1.   For general and special damages according to proof;

2.   For exemplary damages according to proof;

3.   For pre-judgment and post-judgment interest on all damages awarded;

4.   For reasonable attorneys' fees;

5.   For costs of suit incurred;

6.   For declaratory relief;

7.   For such other and further relief as the Court may deem just and proper.


ADDITIONALLY, plaintiff, Michael John Ventrone, demands trial of this matter by jury.  The amount demanded exceeds $25,000.00 (Government Code § 72055).


Dated: September 19, 2022            SHEGERIAN & ASSOCIATES, INC.


By: _____
    Carney R. Shegerian, Esq.

    Attorneys for Plaintiff,
    MICHAEL JOHN VENTRONE

EXHIBIT 1

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                                KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Carney Shegerian
11520 San Vicente Boulevard
Los Angeles, CA 90049

RE:     **Notice to Complainant's Attorney**
        DFEH Matter Number: 202209-18265117
        Right to Sue: Ventrone / Amazon Com Services LLC et al.

Dear Carney Shegerian:

Attached is a copy of your **amended** complaint of discrimination filed with the
Department of Fair Employment and Housing (DFEH) pursuant to the California Fair
Employment and Housing Act, Government Code section 12900 et seq.

Pursuant to Government Code section 12962, DFEH will not serve these documents on
the employer.  You or your client must serve the complaint.

The amended complaint is deemed to have the same filing date of the original
complaint.  This is not a new Right to Sue letter.  The original Notice of Case Closure
and Right to Sue issued in this case remains the only such notice provided by the
DFEH.  (Cal. Code Regs., tit. 2, § 10022.)

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Michael Ventrone                                   DFEH No. 202209-18265117

                              Complainant,

vs.

Amazon Com Services LLC
20901 Krameria Avenue
Riverside, CA 92508

Amazon.com Services LLC
6400 Valley View Street
Buena Park, CA 90602

Amazon.com, Inc.
20901 Krameria Avenue
Riverside, CA 92508

Amazon.com, Inc.
6400 Valley View Street
Buena Park, CA 90602

Amazon Com Services LLC
6400 Valley View Street
Buena Park, CA 90602

Amazon LGB6
20901 Krameria Avenue
Riverside, CA 92508

Amazon LGB6
6400 Valley View Street
Buena Park, CA 90602

Amazon
20901 Krameria Avenue
Riverside, CA 92508

Golden State FC, LLC

-1-

*Complaint – DFEH No. 202209-18265117*

Date Filed: September 16, 2022
Date Amended: September 16, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

20901 Krameria Avenue
Riverside, CA 92508

Golden State FC, LLC
6400 Valley View Street
Buena Park, CA 90602

Amazon
6400 Valley View Street
Buena Park, CA 90602

Amazon.com
20901 Krameria Avenue
Riverside, CA 92508

Amazon.com
6400 Valley View Street
Buena Park, CA 90602

Amazon com Services, Inc.
20901 Krameria Avenue
Riverside, CA 92508

Amazon com Services, Inc.
6400 Valley View Street
Buena Park, CA 90602

Amazon LAX5
6400 Valley View Street
Buena Park, CA 90602

Leslie Jones
20901 Krameria Avenue
Riverside, CA 92508

Leslie Jones
6400 Valley View Street
Buena Park, CA 90602

Sarah Martinez
20901 Krameria Avenue
Riverside, CA 92508

Sarah Martinez
6400 Valley View Street
Buena Park, CA 90602

-2-
*Complaint – DFEH No. 202209-18265117*

Date Filed: September 16, 2022
Date Amended: September 16, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

Amazon.com Services LLC
410 Terry Avenue North
Seattle, WA 98109

Amazon.com, Inc.
410 Terry Avenue North
Seattle, WA 98109

Respondents

---

**1.** Respondent **Amazon Com Services LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.**Complainant is naming **Amazon.com Services LLC** business as Co-Respondent(s).
Complainant is naming **Amazon.com, Inc.** business as Co-Respondent(s).
Complainant is naming **Amazon.com, Inc.** business as Co-Respondent(s).
Complainant is naming **Amazon Com Services LLC** business as Co-Respondent(s).
Complainant is naming **Amazon LGB6** business as Co-Respondent(s).
Complainant is naming **Amazon LGB6** business as Co-Respondent(s).
Complainant is naming **Amazon** business as Co-Respondent(s).
Complainant is naming **Golden State FC, LLC** business as Co-Respondent(s).
Complainant is naming **Golden State FC, LLC** business as Co-Respondent(s).
Complainant is naming **Amazon** business as Co-Respondent(s).
Complainant is naming **Amazon.com** business as Co-Respondent(s).
Complainant is naming **Amazon.com** business as Co-Respondent(s).
Complainant is naming **Amazon com Services, Inc.** business as Co-Respondent(s).
Complainant is naming **Amazon com Services, Inc.** business as Co-Respondent(s).
Complainant is naming **Amazon LAX5** business as Co-Respondent(s).
Complainant is naming **Leslie Jones** individual as Co-Respondent(s).
Complainant is naming **Leslie Jones** individual as Co-Respondent(s).
Complainant is naming **Sarah Martinez** individual as Co-Respondent(s).
Complainant is naming **Sarah Martinez** individual as Co-Respondent(s).
Complainant is naming **Amazon.com Services LLC** business as Co-Respondent(s).
Complainant is naming **Amazon.com, Inc.** business as Co-Respondent(s).

**3**. Complainant **Michael Ventrone**, resides in the City of **Los Angeles,** State of **CA.**

**4**. Complainant alleges that on or about **December 23, 2021**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's disability (physical or mental), military and veteran status, other.

-3-

*Complaint – DFEH No. 202209-18265117*

Date Filed: September 16, 2022
Date Amended: September 16, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

**Complainant was discriminated against** because of complainant's disability (physical or mental), military and veteran status, other and as a result of the discrimination was terminated, denied hire or promotion, reprimanded, denied any employment benefit or privilege, denied reasonable accommodation for a disability, other, denied work opportunities or assignments.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was terminated, denied hire or promotion, reprimanded, denied any employment benefit or privilege, denied reasonable accommodation for a disability, other, denied work opportunities or assignments.

**Additional Complaint Details:** The facts include but are not limited to discrimination, harassment, and retaliation from management and coworkers on the basis of the following protected categories, which include but are not limited to: disability (physical or mental), military and veteran status, and other. That, among other things, formed the underlying basis for complainant's termination and/or subjected complainant to additional adverse employment action.

Additional harms include but are not limited to failure to prevent discrimination, harassment, and/or retaliation, denied a work environment free of harassment, discrimination and/or retaliation, failure to engage in a good faith interactive process, failure to offer reasonable accommodations and retaliation for engaging in protected activity.

-4-

*Complaint – DFEH No. 202209-18265117*

VERIFICATION

I, **Iris Salem**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On September 16, 2022, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Los Angeles, California**

-5-

*Complaint – DFEH No. 202209-18265117*

Date Filed: September 16, 2022
Date Amended: September 16, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Carney Shegerian
11520 San Vicente Boulevard
Los Angeles, CA 90049

RE:     **Notice to Complainant's Attorney**
          DFEH Matter Number: 202209-18265117
          Right to Sue: Ventrone / Amazon Com Services LLC et al.

Dear Carney Shegerian:

Attached is a copy of your **amended** complaint of discrimination filed with the
Department of Fair Employment and Housing (DFEH) pursuant to the California Fair
Employment and Housing Act, Government Code section 12900 et seq.

Pursuant to Government Code section 12962, DFEH will not serve these documents on
the employer.  You or your client must serve the complaint.

The amended complaint is deemed to have the same filing date of the original
complaint.  This is not a new Right to Sue letter.  The original Notice of Case Closure
and Right to Sue issued in this case remains the only such notice provided by the
DFEH.  (Cal. Code Regs., tit. 2, § 10022.)

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Michael Ventrone                                                    DFEH No. 202209-18265117

                                    Complainant,

vs.

Amazon Com Services LLC
20901 Krameria Avenue
Riverside, CA 92508

Amazon.com Services LLC
6400 Valley View Street
Buena Park, CA 90602

Amazon.com, Inc.
20901 Krameria Avenue
Riverside, CA 92508

Amazon.com, Inc.
6400 Valley View Street
Buena Park, CA 90602

Amazon Com Services LLC
6400 Valley View Street
Buena Park, CA 90602

Amazon LGB6
20901 Krameria Avenue
Riverside, CA 92508

Amazon LGB6
6400 Valley View Street
Buena Park, CA 90602

Amazon
20901 Krameria Avenue
Riverside, CA 92508

Golden State FC, LLC

-1-

*Complaint – DFEH No. 202209-18265117*

Date Filed: September 16, 2022
Date Amended: September 16, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

20901 Krameria Avenue
Riverside, CA 92508

Golden State FC, LLC
6400 Valley View Street
Buena Park, CA 90602

Amazon
6400 Valley View Street
Buena Park, CA 90602

Amazon.com
20901 Krameria Avenue
Riverside, CA 92508

Amazon.com
6400 Valley View Street
Buena Park, CA 90602

Amazon com Services, Inc.
20901 Krameria Avenue
Riverside, CA 92508

Amazon com Services, Inc.
6400 Valley View Street
Buena Park, CA 90602

Amazon LAX5
6400 Valley View Street
Buena Park, CA 90602

Leslie Jones
20901 Krameria Avenue
Riverside, CA 92508

Leslie Jones
6400 Valley View Street
Buena Park, CA 90602

Sarah Martinez
20901 Krameria Avenue
Riverside, CA 92508

Sarah Martinez
6400 Valley View Street
Buena Park, CA 90602

-2-

*Complaint – DFEH No. 202209-18265117*

Date Filed: September 16, 2022
Date Amended: September 16, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

Amazon.com Services LLC
410 Terry Avenue North
Seattle, WA 98109

Respondents

**1.** Respondent **Amazon Com Services LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.**Complainant is naming **Amazon.com Services LLC** business as Co-Respondent(s).
Complainant is naming **Amazon.com, Inc.** business as Co-Respondent(s).
Complainant is naming **Amazon.com, Inc.** business as Co-Respondent(s).
Complainant is naming **Amazon Com Services LLC** business as Co-Respondent(s).
Complainant is naming **Amazon LGB6** business as Co-Respondent(s).
Complainant is naming **Amazon LGB6** business as Co-Respondent(s).
Complainant is naming **Amazon** business as Co-Respondent(s).
Complainant is naming **Golden State FC, LLC** business as Co-Respondent(s).
Complainant is naming **Golden State FC, LLC** business as Co-Respondent(s).
Complainant is naming **Amazon** business as Co-Respondent(s).
Complainant is naming **Amazon.com** business as Co-Respondent(s).
Complainant is naming **Amazon.com** business as Co-Respondent(s).
Complainant is naming **Amazon com Services, Inc.** business as Co-Respondent(s).
Complainant is naming **Amazon com Services, Inc.** business as Co-Respondent(s).
Complainant is naming **Amazon LAX5** business as Co-Respondent(s).
Complainant is naming **Leslie Jones** individual as Co-Respondent(s).
Complainant is naming **Leslie Jones** individual as Co-Respondent(s).
Complainant is naming **Sarah Martinez** individual as Co-Respondent(s).
Complainant is naming **Sarah Martinez** individual as Co-Respondent(s).
Complainant is naming **Amazon.com Services LLC** business as Co-Respondent(s).

**3**. Complainant **Michael Ventrone**, resides in the City of **Los Angeles,** State of **CA.**

**4.** Complainant alleges that on or about **December 23, 2021**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's disability (physical or mental), military and veteran status, other.

**Complainant was discriminated against** because of complainant's disability (physical or mental), military and veteran status, other and as a result of the discrimination was

-3-
*Complaint – DFEH No. 202209-18265117*

Date Filed: September 16, 2022
Date Amended: September 16, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

1  terminated, denied hire or promotion, reprimanded, denied any employment benefit or
   privilege, denied reasonable accommodation for a disability, other, denied work
2  opportunities or assignments.

3  **Complainant experienced retaliation** because complainant reported or resisted any form
   of discrimination or harassment and as a result was terminated, denied hire or promotion,
4  reprimanded, denied any employment benefit or privilege, denied reasonable
   accommodation for a disability, other, denied work opportunities or assignments.
5

6  **Additional Complaint Details:** The facts include but are not limited to discrimination,
7  harassment, and retaliation from management and coworkers on the basis of the following
   protected categories, which include but are not limited to: disability (physical or mental),
8  military and veteran status, and other. That, among other things, formed the underlying
   basis for complainant's termination and/or subjected complainant to additional adverse
9  employment action.

10 Additional harms include but are not limited to failure to prevent discrimination, harassment,
   and/or retaliation, denied a work environment free of harassment, discrimination and/or
11 retaliation, failure to engage in a good faith interactive process, failure to offer reasonable
   accommodations and retaliation for engaging in protected activity.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                      -4-
                            *Complaint – DFEH No. 202209-18265117*
27
   Date Filed: September 16, 2022
28 Date Amended: September 16, 2022

                                                   Form DFEH-ENF 80 RS (Revised 02/22)

VERIFICATION

I, **Iris Salem**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On September 16, 2022, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Los Angeles, California**

-5-

*Complaint – DFEH No. 202209-18265117*

Date Filed: September 16, 2022
Date Amended: September 16, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                 KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

September 16, 2022

Carney Shegerian
11520 San Vicente Boulevard
Los Angeles, CA 90049

RE:    **Notice to Complainant's Attorney**
       DFEH Matter Number: 202209-18265117
       Right to Sue: Ventrone / Amazon Com Services LLC et al.

Dear Carney Shegerian:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

Form DFEH-ENF 80 RS (Revised 02/22)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

September 16, 2022

RE:     **Notice of Filing of Discrimination Complaint**
        DFEH Matter Number: 202209-18265117
        Right to Sue: Ventrone / Amazon Com Services LLC et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation
Pilot Program. Under this program, established under Government Code
section 12945.21, a small employer with 5 -19 employees, charged with violation
of the California Family Rights Act, Government Code section 12945.2, has the
right to participate in DFEH's free mediation program. Under this program both
the employee requesting an immediate right to sue and the employer charged
with the violation may request that all parties participate in DFEH's free
mediation program. The employee is required to contact the Department's
Dispute Resolution Division prior to filing a civil action and must also indicate
whether they are requesting mediation.  The employee is prohibited from filing a
civil action unless the Department does not initiate mediation within the time
period specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact DFEH's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter
number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                         GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

September 16, 2022

Michael Ventrone
c/o 11520 San Vicente Boulevard
Los Angeles, CA 90049

RE:   **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202209-18265117
Right to Sue: Ventrone / Amazon Com Services LLC et al.

Dear Michael Ventrone:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective September 16, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                          GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Michael Ventrone                                                    DFEH No. 202209-18265117

                              Complainant,

vs.

Amazon Com Services LLC
20901 Krameria Avenue
Riverside, CA 92508

Amazon.com Services LLC
P.O. Box 80726
Seattle, WA 98106

Amazon.com, Inc.
20901 Krameria Avenue
Riverside, CA 92508

Amazon.com, Inc.
6400 Valley View Street
Buena Park, CA 90602

Amazon Com Services LLC
6400 Valley View Street
Buena Park, CA 90602

Amazon LGB6
20901 Krameria Avenue
Riverside, CA 92508

Amazon LGB6
6400 Valley View Street
Buena Park, CA 90602

Amazon
20901 Krameria Avenue
Riverside, CA 92508

Golden State FC, LLC

-1-

*Complaint – DFEH No. 202209-18265117*

Date Filed: September 16, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

20901 Krameria Avenue
Riverside, CA 92508

Golden State FC, LLC
6400 Valley View Street
Buena Park, CA 90602

Amazon
6400 Valley View Street
Buena Park, CA 90602

Amazon.com
20901 Krameria Avenue
Riverside, CA 92508

Amazon.com
6400 Valley View Street
Buena Park, CA 90602

Amazon com Services, Inc.
20901 Krameria Avenue
Riverside, CA 92508

Amazon com Services, Inc.
6400 Valley View Street
Buena Park, CA 90602

Amazon LAX5
6400 Valley View Street
Buena Park, CA 90602

Leslie Jones
20901 Krameria Avenue
Riverside, CA 92508

Leslie Jones
6400 Valley View Street
Buena Park, CA 90602

Sarah Martinez
20901 Krameria Avenue
Riverside, CA 92508

Sarah Martinez
6400 Valley View Street
Buena Park, CA 90602

-2-

*Complaint – DFEH No. 202209-18265117*

Date Filed: September 16, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

Respondents

1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28

**1.** Respondent **Amazon Com Services LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.**Complainant is naming **Amazon.com Services LLC** business as Co-Respondent(s).
Complainant is naming **Amazon.com, Inc.** business as Co-Respondent(s).
Complainant is naming **Amazon.com, Inc.** business as Co-Respondent(s).
Complainant is naming **Amazon Com Services LLC** business as Co-Respondent(s).
Complainant is naming **Amazon LGB6** business as Co-Respondent(s).
Complainant is naming **Amazon LGB6** business as Co-Respondent(s).
Complainant is naming **Amazon** business as Co-Respondent(s).
Complainant is naming **Golden State FC, LLC** business as Co-Respondent(s).
Complainant is naming **Golden State FC, LLC** business as Co-Respondent(s).
Complainant is naming **Amazon** business as Co-Respondent(s).
Complainant is naming **Amazon.com** business as Co-Respondent(s).
Complainant is naming **Amazon.com** business as Co-Respondent(s).
Complainant is naming **Amazon com Services, Inc.** business as Co-Respondent(s).
Complainant is naming **Amazon com Services, Inc.** business as Co-Respondent(s).
Complainant is naming **Amazon LAX5** business as Co-Respondent(s).
Complainant is naming **Leslie Jones** individual as Co-Respondent(s).
Complainant is naming **Leslie Jones** individual as Co-Respondent(s).
Complainant is naming **Sarah Martinez** individual as Co-Respondent(s).
Complainant is naming **Sarah Martinez** individual as Co-Respondent(s).

**3**. Complainant **Michael Ventrone**, resides in the City of **Los Angeles,** State of **CA.**

**4.** Complainant alleges that on or about **December 23, 2021**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's disability (physical or mental), military and veteran status, other.

**Complainant was discriminated against** because of complainant's disability (physical or mental), military and veteran status, other and as a result of the discrimination was terminated, denied hire or promotion, reprimanded, denied any employment benefit or

-3-
*Complaint – DFEH No. 202209-18265117*

Date Filed: September 16, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

1   privilege, denied reasonable accommodation for a disability, other, denied work
opportunities or assignments.
2
**Complainant experienced retaliation** because complainant reported or resisted any form
3   of discrimination or harassment and as a result was terminated, denied hire or promotion,
reprimanded, denied any employment benefit or privilege, denied reasonable
4   accommodation for a disability, other, denied work opportunities or assignments.
5
6   **Additional Complaint Details:** The facts include but are not limited to discrimination,
harassment, and retaliation from management and coworkers on the basis of the following
7   protected categories, which include but are not limited to: disability (physical or mental),
military and veteran status, and other. That, among other things, formed the underlying
8   basis for complainant's termination and/or subjected complainant to additional adverse
employment action.
9
Additional harms include but are not limited to failure to prevent discrimination, harassment,
10   and/or retaliation, denied a work environment free of harassment, discrimination and/or
retaliation, failure to engage in a good faith interactive process, failure to offer reasonable
11   accommodations and retaliation for engaging in protected activity.
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26                                                    -4-
                                   *Complaint – DFEH No. 202209-18265117*
27
     Date Filed: September 16, 2022
28
                                                                        Form DFEH-ENF 80 RS (Revised 02/22)

VERIFICATION

I, **Bianca Adame**, am the **Other** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On September 16, 2022, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Los Angeles, California**

-5-
*Complaint – DFEH No. 202209-18265117*

Date Filed: September 16, 2022

Form DFEH-ENF 80 RS (Revised 02/22)